UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-81163-BLOOM/Reinhart

KELVIN BLEDSOE,

    Plaintiff,

v.

PALM BEACH COUNTY BOARD OF
COUNTY COMMISSIONERS, *et al.*,

    Defendants.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Palm Beach County Board of County Commissioners' ("Defendant" or "County") Motion to Dismiss the Second Amended Complaint with Prejudice, ECF No. [52] ("Motion"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

### I.    BACKGROUND

On June 7, 2016, Plaintiff Kelvin Bledsoe ("Plaintiff"), a *pro se* litigant, filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against the County. ECF No. [1-2]. The EEOC dismissed the charge, stating that based upon its investigation it was unable to conclude that the information obtained establishes a violation of the statutes. *See* ECF No. [1-1] at 15. Plaintiff then filed this action in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. *See* ECF No. [1-1]. The County removed the lawsuit to this Court pursuant to 28 U.S.C. § 1331. *See* ECF No. [1].

On August 29, 2018, the County filed a Motion to Dismiss for failure to state a claim. ECF No. [5]. On September 16, 2018, the Court ordered Plaintiff to either respond to the Motion to Dismiss by September 20, 2018 or show cause in writing why the Motion should not be granted. ECF No. [17]. On September 24, 2018, with no response to the Motion to Dismiss having been filed, the Court granted the Motion to Dismiss and ordered Plaintiff to file an amended complaint no later than October 9, 2018. ECF No. [19]. On October 15, 2018, Plaintiff filed an Amended Complaint. ECF No. [38]. On October 25, 2018, Defendant filed a Motion to Dismiss the Amended Complaint. ECF No. [39]. On November 14, 2018, the Court ordered Plaintiff to respond to the Motion on or before November 19, 2018. ECF No. [41]. Seemingly in response to the Motion, on November 19, 2018, Plaintiff re-filed his Amended Complaint. ECF No. [43]. On January 4, 2019, Plaintiff filed a Second Amended Complaint. ECF No. [51]. On January 14, 2019, Defendant filed a Motion to Dismiss the Second Amended Complaint with Prejudice. ECF No. [52]. On January 22, 2019, Plaintiff filed a Response. The Motion is ripe for consideration.

## II. LEGAL STANDARD

### a. Motion to Dismiss

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of

'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

### b. *Pro Se* Litigants

Courts must liberally construe all pleadings submitted by a pro se litigant. *See Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp 2d 1256, 1264 (S.D. Fla. 2004). Notwithstanding such leniency, courts cannot serve as *de facto* counsel for a party and cannot rewrite a deficient

pleading for the sake of sustaining an action. *Id.* (quoting *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F. 3d 1359, 1369 (11th Cir. 1998)). That is, "[t]he Court cannot simply 'fill in the blanks' to infer a claim." *Grady v. Georgia Dep't of Correction*, No. CV409-103, 2010 WL 322881, at *2 (S.D. Ga. Jan. 27, 2010). In determining whether a pro se litigant has stated a claim, "the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations" while keeping in mind that "wildly implausible allegations in the complaint should not be taken to be true." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

### III. DISCUSSION

Plaintiff's Second Amended Complaint does not comply with the Federal Rules of Civil Procedure or the Local Rules and is an impermissible shotgun pleading. It appears that Plaintiff is attempting to assert claims for hostile work environment and retaliation under Title VII. Plaintiff's Second Amended Complaint references an EEOC claim filed by Plaintiff and cites to several documents that purportedly demonstrate that the County created a hostile work environment and retaliated against Plaintiff. The Second Amended Complaint must be dismissed for several reasons.

First, the Second Amended Complaint does not comply with Local Rule 15.1 which requires that an amended complaint include all claims against all defendants. Here, the Second Amended Complaint incorporates the initial complaint. *See* ECF No. [51] at 2 ("In addition, in the initial filing, the plaintiff presented the following..."). Additionally, the Second Amended Complaint requests that the Court "review this amended pleading in conjunction with the revised motion submitted in October 2018…" *Id.* at 3.

Second, the Second Amended Complaint fails to set forth a short and plain statement of the facts supporting each claim showing that Plaintiff is entitled to relief under Rule 8. Plaintiff

must allege facts in his complaint in support of his claims without incorporating other pleadings, as described above.

Third, the caption of the Second Amended Complaint names the Defendants as "Palm Beach County Board of County Commissioners, et al. (hereafter referred to as "the County")." This violates Rule 10(a), which provides in part that "[t]he title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." Moreover, lumping Defendants together as "the County" results in a failure to identify which factual allegations are relevant to which defendant(s) under which theory. Thus, Plaintiff's Complaint is an improper shotgun pleading. *Novero v. Duke Energy*, 753 F. App'x 759, 762 (11th Cir. 2018) (affirming dismissal of complaint as improper shotgun pleading where district court found that plaintiff "failed to allege how each Defendant is responsible for (or the cause of) each of the alleged statutory violations and constitutional deprivations he asserts. The result is confusion both for the Defendants in trying to frame a responsive pleading, and for the Court in trying to determine the scope of Plaintiff's claims.").

The Court will permit Plaintiffs one more opportunity to file a complaint that is not a shotgun pleading. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Palm Beach County Board of County Commissioners' Motion to Dismiss the Second Amended Complaint with Prejudice, ECF No. [52] ("Motion"), **ECF No. [20]**, is **GRANTED in part and denied in part**.

2. The Second Amended Complaint, **ECF No. [51]**, is **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall file his Third Amended Complaint addressing the deficiencies discussed herein no later than **April 15, 2019**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 1, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Kelvin Bledsoe
218 Salzedo Street
Royal Palm Beach, FL 33411