UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-81163-BLOOM/Reinhart

KELVIN BLEDSOE,

    Plaintiff,

v.

PALM BEACH COUNTY BOARD OF
COUNTY COMMISSIONERS, *et al*.,

    Defendants.
_____/

## OMNIBUS ORDER

**THIS CAUSE** is before the Court upon Plaintiff Kelvin Bledsoe's Request for Extension of Time to File Proof of Service for Karen Thomson, ECF No. [76] ("Motion for Extension"), Request for Order to Have Karen Thompson Served by Publication, ECF No. [77] ("Motion for Service by Publication"), and Request to Have All Served Defendants Added Back to the Case and Reconsideration of this Court's Order Dismissing Certain Defendants, ECF No. [78] ("Motion for Reconsideration") (collectively, "Plaintiff's Motions"), and Defendants' Motion to Dismiss the Complaint Served on the Individual Defendants and Motion for Extension of Time to Respond to the Third Amended Complaint, ECF No. [79] ("Defendants' Motion").  For the reasons stated below, Plaintiff's Motion for Extension is granted in part and denied in part, Plaintiff's Motion for Service by Publication is denied, Plaintiff's Motion for Reconsideration is granted in part and denied in part, and Defendants' Motion is granted in part and denied in part.

Defendant Palm Beach County Board of County Commissioners (the "County") removed this action on August 28, 2018, *see* ECF No. [1], generating a November 26, 2018, service deadline.  On April 1, 2019, the Court entered an order requiring Plaintiff by April 5, 2019, to file

proof of such service on Defendants Verdenia Baker, Jon Van Arnam, Nancy Bolton, Channell Wilkins, Taruna Malhotra, Wayne Condry, Karen Thompson, Shelia Woodbury, and Katherine McNealy (together, "Individual Defendants").  ECF No. [57].

On April 9, 2019, as Plaintiff failed to file proof of timely service, the Court dismissed without prejudice the Individual Defendants.  ECF No. [65].  On April 15, 2019, Plaintiff filed a Third Amended Complaint, again naming as Defendants the County and the Individual Defendants.  ECF No. [66].  Plaintiff then filed proof of service of a Complaint on all Individual Defendants except Nancy Bolton and Karen Thompson, with service occurring in April of 2019.  ECF Nos. [67], [69] – [75].

The deadline for Plaintiff to effectuate service on Defendants was November 26, 2018.  As specified in Rule 4(m), this Court is required to extend the time allowed for service of process if Plaintiff can establish good cause for his failure to serve in a timely manner.  Additionally, without a showing good cause, the Court has discretion to extend Rule 4(m)'s 90–day deadline "if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service."  *Horenkamp v. Van Winkle And Co.*, 402 F.3d 1129, 1133 (11th Cir. 2005) (quoting Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments).

Here, Plaintiff failed to demonstrate good cause for his failure to comply with the service deadline.  Nevertheless, the Court considers whether it should, in its discretion, extend the time for service.  Although not raised by Plaintiff, the Court has determined that the statute of limitations has run for Plaintiff's Title VII claims.  The EEOC issued a "Notice of Right to Sue" on April 30, 2018, allowing Plaintiff 90 days to file a lawsuit.  *See* ECF No. [1-1] at 15.  Thus, the effect of a

dismissal without prejudice of the Individual Defendants in this case would be tantamount to a dismissal with prejudice and a bar to Plaintiff's Title VII claims against the Individual Defendants.

As such, the Court exercises its discretion to allow Plaintiff to serve the Individual Defendants out of time until April 16, 2019. Accordingly, service upon Defendants Verdenia Baker, Jon Van Arnam, Channell Wilkins, Taruna Malhotra, Wayne Condry, Shelia Woodbury, and Katherine McNealy shall be deemed timely.

With respect to Defendant Karen Thompson, Plaintiff requests that the Court allow additional time to effectuate service. Plaintiff also requests that the Court permit service by publication. In support, Plaintiff submits a Proof of Service reflecting that Karen Thompson is avoiding service. *See* ECF No. [76] at 3. Plaintiff's process server attempted to serve Karen Thompson on six occasions without success. *Id.* at 3-4. As explained above, the Court has discretion to extend the deadline to effectuate service if the defendant is evading service. Accordingly, the Court exercises its discretion to extend the deadline until May 23, 2019 for Plaintiff to serve Karen Thompson.[1]

The Court denies Plaintiff's request to serve Karen Thompson by publication. Florida Statute § 49.011 authorizes service of process by publication in only twelve types of actions or proceedings. Actions under Title VII are not included in the list of applicable actions and therefore service of process by publication is unauthorized in Title VII actions. *See Vanmoor v. King*, No. 06-60115-CIV, 2006 WL 8432491, at *1 (S.D. Fla. Apr. 12, 2006) (denying motion for service by publication where plaintiff's claims "are not among those actions enumerated in § 49.011.").

---

[1] Plaintiff has not filed proof of service as to Defendant Nancy Bolton nor requested an extension of time to do so. The Court declines to exercise its discretion to extend the deadline beyond April 16, 2019 for Plaintiff to serve Nancy Bolton.

3

Finally, Defendants request that the Court dismiss the Complaint served on certain Defendants in April of 2019. However, the Third Amended Complaint, not the Complaint served on certain Defendants in April of 2019, is the operative Complaint. As such, Defendants' request for dismissal is denied as moot. Defendants the County, Verdenia Baker, Jon Van Arnam, Channell Wilkins, Taruna Malhotra, Wayne Condry, Shelia Woodbury, and Katherine McNealy are permitted until May 14, 2019 to respond to the Third Amended Complaint.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Extension, **ECF No. [76]**, is **GRANTED IN PART AND DENIED IN PART**. The deadline to serve Defendant Karen Thompson shall be extended until **May 23, 2019**.

2. Plaintiff's Motion for Service by Publication, **ECF No. [77],** is **DENIED**.

3. Plaintiff's Motion for Reconsideration, **ECF No. [78]**, is **GRANTED IN PART AND DENIED IN PART**. The Court's Order of Dismissal Without Prejudice as to Certain Defendants Only, **ECF No. [65]**, is **VACATED** as to Defendants Verdenia Baker, Jon Van Arnam, Channell Wilkins, Taruna Malhotra, Wayne Condry, Shelia Woodbury, Katherine McNealy, and Karen Thompson.

4. Service upon Defendants Verdenia Baker, Jon Van Arnam, Channell Wilkins, Taruna Malhotra, Wayne Condry, Shelia Woodbury, and Katherine McNealy shall be deemed timely.

5. Defendants' Motion, **ECF No. [79]**, is **GRANTED IN PART AND DENIED IN PART**. Defendants' Motion to Dismiss the Complaint served on the Individual Defendants is **DENIED as moot**. Defendant's Motion for Extension of Time to Respond to the Third Amended Complaint is **GRANTED**. Defendants the County,

Case No. 18-cv-81163-BLOOM/Reinhart

Verdenia Baker, Jon Van Arnam, Channell Wilkins, Taruna Malhotra, Wayne Condry, Shelia Woodbury, and Katherine McNealy shall respond to the Third Amended Complaint by **May 14, 2019**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 265, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Kelvin Bledsoe
218 Salzedo Street
Royal Palm Beach, FL 33411